UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
RICHARD KLEITMAN,

                                                                11-CV-2817 (SJ) (JMA)

     v.

                                                                ORDER AND MEMORANDUM

MSCK MAYAIN OLAM HABBA INC.,
d/b/a PLAZA DINING, AND CHEZKY
KLEIN, an individual,

               Defendants.

--------------------------------------------------X

A P P E A R A N C E S

ANDERSON DODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
By:    Penn Ueoka Dodson
*Attorney for Plaintiff*

JOHNSON, Senior District Judge,

      Plaintiff Richard Kleitman ("Plaintiff") brings this civil action against defendants MSCK Mayain Olam Habba Inc. d/b/a Plaza Dining ("Plaza Dining") and Chezky Klein ("Klein", collectively with Plaza Dining, the "Defendants"), to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). As exhibited by filed affidavits of service, Defendants have been served with the Summons and Complaint. However,

1

Defendants have failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion for default judgment is granted as to liability.

## BACKGROUND

Plaintiff was employed by Defendants as a waiter for approximately seven years "from February, 2003 to March, 2010." (Compl. at ¶ 19.) Defendant Plaza Dining is a restaurant and Defendant Klein has an ownership interest in and/or is a shareholder of Plaza Dining. (Id. at ¶ 14.) At all relevant times, Defendant Plaza Dining was an employer engaged in interstate commerce and/or production of goods for commerce, within the meaning of the FLSA. (Id. at ¶ 8.) While employed as a waiter at Plaza Dining, Plaintiff worked approximately 55 hours per week at a rate of pay of $100 to $150 per week, plus tips. (Id. at ¶¶ 19-23.) Plaintiff alleges that defendants failed to pay him the minimum wage for all hours worked. (Id. at ¶ 29.) Plaintiff further alleges that despite generally working approximately 55 hours per week, he "was not paid at a rate of one and one half times his normal hourly rate" for every hour worked over 40 hours per week. (Id. at ¶¶ 23-24.) Moreover, he alleges that despite working more than 10 hours on at least some workdays, "Defendants did not pay him an additional one-hour's pay at the applicable minimum wage rate." (Id. at ¶¶ 25-26.)

Plaintiff commenced this action on June 13, 2011 (Dkt No. 1.) On July 18, 2011, Plaintiff served Defendants with the Summons and Complaint. (Dkt Nos. 2 and 3.) Defendants have failed to plead or otherwise defend this action. Accordingly, on August 11, 2011, Plaintiff requested that a default be entered against Defendants pursuant Rule 55(a) of the Federal Rules of Civil Procedure and the Clerk of Court subsequently noted Defendants' default. (Dkt No. 7.) On August 31, 2011, Plaintiff moved for default judgment against Defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Motion"). (Dkt No. 8.)

## **DISCUSSION**

I. <u>Applicable Law</u>

a. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored."

Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc., No. 08 Civ. 3168 (CBA)(CLP), 2009 U.S. Dist. LEXIS 118313, at *6 (E.D.N.Y. Oct. 6, 2009) (citing Erwin DeMartino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Rolls-Royce PLC, 688 F. Supp. 2d at 153 (citation omitted).

    b. FLSA

The FLSA was enacted by Congress "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers.'" Barrentine v. Arkansas-Best

Freight Sys. Inc., 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (quoting 29 U.S.C. § 202(a)) (footnote omitted). An employer is defined broadly under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d)). The relevant factors include whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Herman, 172 F.3d at 139 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)). An employee is "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

The FLSA sets the statutory minimum wage and requires that employers pay their employees at a rate one and a half times their normal wage for hours worked above 40 hours per week. 29 U.S.C. §§ 206(a), 207 (a)(1). An employee who receives part of their wage through tips may be paid at a rate less than the minimum wage, so long as the employer informs the employee that part of his or her wages will consist of tips and the employer permits the employee to retain all tips received. 29 U.S.C. § 203(m). Additionally, employers must "make, keep and preserve such records of the persons employed by him and of the wages, hours and other conditions and practices of employment made by him." 29 U.S.C. § 211(c).

Under the FLSA, actions must be commenced "within two years, 'except that a cause of action arising out of a willful violation may be commenced within three years

after the cause of action accrued.'" McLaughlin v. Richland Shoe Co., 486 U.S. 128, 129, 108 S.Ct. 1677, 1679 (1988) (quoting 29 U.S.C. § 255(a)). Willfulness can be shown if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin, 486 U.S. at 133.

      c. New York Labor Law

The NYLL is the state analogue to the FLSA. It mirrors the FLSA in compensation provisions pertaining to hourly wages and overtime and also as to record keeping requirements for employers. Santillan v. Henao, 822 F. Supp. 2d 284, 292 (citing Chun Jie Yin, 2008 WL 906736, at *4). Additionally, NYLL requires a "spread of hours" premium that guarantees an additional one hour of pay for each day an employee works over ten hours. Santillan, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 (2013). The New York Labor Law provisions have been found "substantially similar to the federal scheme" so that the analysis under federal law applies to claims under NYLL. Santillan, 822 F.2d at 293 (quoting Debejian v. Atl. Testing Labs., Ltd., 64 F.Supp.2d 85, 87 n. 1 (N.D.N.Y. 1999)). The limitations period for violations of NYLL differs from that of the FLSA. The limitations period for violations of the New York Labor Law is six years. See N.Y. Labor Law § 663(3) (McKinney 2002).

II. <u>Application</u>

The factual allegations in the Complaint establish Defendants' liability under the FLSA and the NYLL. Defendants were employers at all times in question, exercising substantial control over the Plaintiff and are therefore subject to the FLSA and NYLL. Defendants failed to pay the Plaintiff minimum wage for all hours of Plaintiff's employment in violation of the FLSA and NYLL. <u>See</u> 29 U.S.C. § 206(a)(1); N.Y. Labor Law § 652 (McKinney 2002). The Defendants' default establishes as true Plaintiff's allegations that he did not receive the minimum wage prescribed by the FLSA and that Defendants wrongfully retained tips earned by Plaintiff. NYLL provides that no employer "shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee." <u>Chung v. New Silver Palace Restaurant, Inc.</u>, 246 F. Supp. 2d 220, 229 (S.D.N.Y 2002) (<u>quoting</u> N.Y. Labor Law § 196-d (McKinney 2002)). When tips are retained by the employer, the "tip credit" cannot be used to meet the required minimum wage. <u>Chung</u>, 246 F. Supp. 2d at 228. Plaintiff's highest earned wage of $150 per week, while working 55 hours over that time, leaves his hourly wage well short of the statutory minimum. Accordingly, the Court finds that Defendants are liable to Plaintiff for all minimum wage hours and tips that Defendants failed to pay under applicable law.

The record exhibits that Defendants also failed to pay Plaintiff overtime pay for hours worked above 40 hours a week. For overtime claims, the FLSA provides:

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods

> for commerce, or is employed in an enterprise engaged in commerce or in the production of good for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). "To succeed on an FLSA overtime claim, plaintiff must show that: (1) he was an employee who was eligible for overtime (not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) (citation omitted). The FLSA contains several exemptions from its overtime requirement, but "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-97, 94 S.Ct. 2223, 2229 (1974). "With respect to state law overtime claims, courts have stated that the relevant portions of New York Labor Law do not diverge from the requirements of the FLSA." Hosking, 602 F. Supp. 2d at 447 (internal quotation marks and citation omitted).

The Court finds that Plaintiff has sufficiently met his burden to succeed on his FLSA overtime claim. Specifically, Plaintiff has established that under the FLSA he was an employee eligible for overtime and that he actually worked overtime hours for which he was compensated. Since the Defendants failed to raise any affirmative defense to Plaintiff's overtime claim, the Court finds that the Plaintiff has sufficiently established that Defendants' are liable for all overtime hours worked by Plaintiff.

In addition, the NYLL's "spread of hours" provision requires that Defendant pay Plaintiff an additional hour of pay at the minimum hourly wage for everyday that Plaintiff worked over ten hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 (2013). The record before the Court establishes that Plaintiff worked more than ten hours on a regular basis for seven years and was not paid for the additional hour as required. (Compl. at ¶¶ 25-26.) Accordingly, Defendants are also liable for violating NYLL's "spread of hours" provision.

Finally, the record is devoid of any submissions by Defendants that exhibit their compliance with the record keeping requirements of the FLSA. Thus, the Court finds that Defendants also failed to maintain proper records of employment and wages as required by section 211(c) of the FLSA. See 29 U.S.C. § 211(c). See Santillan, 822 F. Supp. 2d at 291 ("Section 215(a)(5) of the FLSA makes it unlawful for any employer covered under the statute to violate any of these record-keeping provisions.").

## CONCLUSION

For the reasons set forth above, plaintiff's motion for default judgment is granted as to liability and the Court reserves decision as to damages.


SO ORDERED.


DATED: August 20, 2013 _____s/_____
       Brooklyn, New York                Sterling Johnson, Jr, U.S.D.J.